UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:23-CR-00167-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ISRAEL AGUILES BARBOSA-MORALES (01)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is an Appeal of Magistrate Judge Decision [doc. 28] filed by defendant Israel Aguiles Barbosa-Morales, relating to the Order of Detention Pending Indictment [doc. 19] issued by Magistrate Judge Kathleen Kay. The government opposes the motion. Doc. 33.

I.
BACKGROUND

The defendant is a citizen of Mexico who has been removed from the United States on three occasions between January 13, 1999, and January 25, 2019, pursuant to a removal order issued by a United States Immigration Judge on February 20, 1998. Doc. 1, att. 1; *see* doc. 38, pp. 7–9. On June 12, 2023, the Westlake Police Department encountered defendant during a traffic stop and requested assistance from the United States Border Patrol on suspicion that he was undocumented. *Id.* Border Patrol verified defendant's undocumented status that day. *Id.* On June 23, 2023, a complaint was filed against defendant in this court for one count of illegal re-entry after removal, a violation of 8 U.S.C. § 1326, and a warrant was issued for his arrest. Docs. 1, 2. He was arrested on July 6 and

made an initial appearance before Magistrate Judge Kathleen Kay on July 12, 2023. Doc. 9. The government requested detention. *Id.*

Following a detention hearing on July 17, 2023, Magistrate Judge Kay ordered that defendant be detained pending indictment. Doc. 19. As justification she cited his prior removal and the fact that Border Patrol had had a hold on him since 1999. Accordingly, she stated that she had "[n]o solace that [he] will appear as ordered." *Id.* On July 19, defendant was indicted on the same illegal reentry charge. Doc. 22. On July 31, defendant appealed the magistrate judge's order of detention. Doc. 28. In support he cited his extensive family and community ties, including his adult U.S. citizen children who have testified that they will ensure their father appears. Doc. 28, att. 2. The government opposes the appeal, arguing that the magistrate judge correctly determined that no set of conditions could reasonably ensure the defendant's appearance. Doc. 33. The defendant made an initial appearance on the indictment on August 17, 2023, and the magistrate judge ordered that he be detained pending trial for the same reasons set forth in her prior detention order. Docs. 34, 35.

## II.
## LAW & APPLICATION

### A. *Standard of Review*

Under 18 U.S.C. § 3145, a magistrate judge's decisions regarding pretrial detention are subject to de novo review by the district judge. *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992). Pretrial detention is governed by the standards set forth under the Bail Reform Act, 18 U.S.C. § 3142. These include: (1) the nature and circumstance of the

offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his character, family and community ties, past conduct, criminal history, and record of appearances at court proceeding, and whether the defendant was on probation or parole at the time of the current offense or arrest; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Generally, the government bears the burden of showing that the defendant should be detained. 18 U.S.C. § 3142(f). When detention is based on flight risk, the government must make this showing by a preponderance of the evidence. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). "Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *United States v. Stanford*, 630 F.Supp.2d 751, 755 (S.D. Tex. 2009) (quoting *United States v. Tortora,* 922 F.2d 880, 888 (1st Cir.1990)) (cleaned up).

### B. *Application*

Defendant points to the fact that he is the father of six U.S. citizen children, a longtime resident of Conroe, Texas, and is the owner of a business that transports mobile homes. He employs his two adult U.S. citizen sons, Benjamin and Israel, Jr., in this work. Doc. 38, pp. 13–20. Both young men testified that their father's detention had a negative impact on the business and that they would ensure his appearance at trial and all other court proceedings. *Id.* Additionally, defendant has applied for a stay of removal. Doc. 18, att. 1.

The government maintains, and the magistrate judge found, that even with these connections defendant's appearance could not be assured given his removal/reentry

history. Upon review of the transcript and the defendant's undisputed removal history, the court is inclined to agree. Even though defendant's connections to the community are significant, this has not deterred him from illegally reentering the country multiple times before. He evidently has little regard for court orders and the threat of removal does nothing to deter him from remaining here illegally. Given the nature of the instant charges, which relate to yet another illegal reentry, the court has no basis for determining that he would comply. Additionally, the testimony of his sons that their father's presence is necessary to continue running the family business causes the court concern that defendant will go to further lengths to remain in the country illegally in order to provide financial support for his family. Accordingly, the government has met its burden of showing that defendant's flight risk justifies pretrial detention.

### III.
### CONCLUSION

For the reasons stated above, the Appeal of Magistrate Judge Decision [doc. 28] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 23rd day of August, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE